

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

November 10, 1964

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. (C-347)

Re: Whether income from Susan
V. Clayton trust fund may
be used to retire Treasury
bills of the United States
of America which are in
bearer form and are tender-
ed for redemption to the
Federal Reserve Bank of
Dallas by Texas commercial
banks.

Dear Mr. Calvert:

You have requested the opinion of this office on the
above captioned matter. The late Mrs. Clayton exercised a
power of appointment by will over certain trust income in
favor of the United States of America upon the condition
that said income be used for the retirement of the National
debt. You have advised us that when Treasury bills of the
United States of America, which are in bearer form, are tendered
for redemption to the Federal Reserve Bank of Dallas by Texas
commercial banks, payment is made to said banks as owners of the
obligations without inquiry as to whether the bank might be
acting for other parties in submitting the Treasury bills.

A judgment was entered in J. M. Johnson v. R. S. Calvert,
No. 600,478 in the 129th Judicial District Court of Harris County,
Texas on October 14, 1963. Both the State of Texas and the
United States of America intervened in this suit. Under the terms
of the judgment, it was decreed that the United States of America
owed an inheritance tax to the State of Texas by reason of the
exercise of the power of appointment by Susan V. Clayton and that
the tax should be computed under the provisions of Article 14.03,
Taxation-General, Vernon's Civil Statutes. The tax so computed
amounted to $97,351.71. No appeal was taken from this judgment,
and the tax has been paid to the State of Texas. The provisions
of Article 14.03 read, in part, as follows:

"If passing to or for the use of the United States, to be used in this State, the tax shall be one per cent of any value in excess of Twenty-five Thousand Dollars, and not exceeding Fifty Thousand Dollars; two per cent on any value in excess of Fifty Thousand Dollars and not exceeding One Hundred Thousand Dollars;. . ."

Thereafter the Article provides for increase in rates in stated value brackets with a maximum six per cent rate on any value in excess of One Million Dollars.

Prior to the rendition of this judgment, the Secretary of the Treasury of the United States of America, the Honorable Douglas Dillon, executed a commitment which is here copied in full.

"WHEREAS, Susan Vaughan Clayton, late of the State of Texas, by a codicil to her last will dated August 3, 1957, directed that one-half of the income of a trust theretofore created by her surviving husband, William L. Clayton, by an indenture made February 19, 1931, and known as the 'Susan Vaughan Clayton Trust No. 2', be paid to the United States of America;

"NOW, THEREFORE, the United States of America, by its undersigned Secretary of the Treasury, by virtue of the authority vested in him, including the authority contained in the Act of June 27, 1961, Public Law 58, 87th Congress, and for the purpose of securing the benefit afforded by Article 14.06 of Title 122A, Vernon's Annotated Texas Statutes, to bequests to the United States which are irrevocably committed for use exclusively within the State of Texas, hereby declares, directs and agrees:

"(1)  That the trustees of the Susan Vaughan Clayton Trust No. 2 shall be and they hereby are directed to pay all income of said trust to which the United States may now be, or hereafter become, entitled to the Federal Reserve Bank of Dallas, as the fiscal agent of the United States; and

"(2) That all moneys to which the United States is, or may become, entitled from said trust shall, upon receipt by said Bank, be deemed deposited in a subsidiary account of the special account established on the books of the Treasury of the United States by Section 4 of said Act of June 27, 1961; and

"(3) That all moneys paid over and deposited as aforesaid shall be specifically identified on the books of the Treasury as available, and shall be disbursed, solely for the retirement in Texas of national debt obligations of the United States owned by citizens or residents of the State of Texas, and the payment of any taxes authorized to be paid by Section 3 of said Act of June 27, 1961; and

"(4) That said Bank shall be and hereby is directed to use all moneys received and deposited as aforesaid, which remain after authorized payments of taxes, to redeem public debt obligations of the United States owned by citizens or residents of the State of Texas which may from time to time be presented to it in Texas for redemption; and

"(5) That the foregoing directions to the Trustees of the Susan Vaughan Clayton Trust No. 2 and to the Federal Reserve Bank of Dallas may not and shall not be revoked, rescinded, or amended, and said subsidiary account may not and shall not be closed, discontinued or terminated until all moneys to which the United States is or may become entitled from said trust have been received and paid out in accordance with the foregoing authorizations and directions.

"United States of America

(Seal)      By     (Signed) Douglas Dillon

Secretary of the Treasury

June 27, 1962"

At the date of the death of Mrs. Clayton Article 14.06 V.C.S. provided, in part, as follows:

"If passing to or for the use of the United States . . . the tax shall be:

"5% on any value in excess of $500 and not exceeding $10,000
"6% on any value in excess of $10,000 and not exceeding $25,000

"  . . . ."

Thereafter the percentage of the tax increases in stated value brackets until it reaches a maximum rate of 20% on any value in excess of $1,000,000.

Article 14.06 also contained the following provision:

"Provided, however, that this Article shall not apply on property passing to or for the use of the United States, . . . when such bequest, devise or gift is to be used within this State. The exemption from tax under the preceding provision of this Article shall, without limiting its application under other appropriate circumstances, apply to all or so much of any bequest, devise, gift to or for the use of the United States, . . . which is, in writing and prior to the payment of the tax, irrevocably committed for use exclusively within the State of Texas. . .

"  . . . ."

Although the commitment recites that it was executed for the purpose of gaining exemption under the provisions of Article 14.06, V.C.S., the trial court in the Johnson case, determined, as previously stated, that a tax was due under the provisions of Article 14.03. In this connection, we point out that Article 14.03 requires "use within this State" as a prerequisite to gaining the more favorable exemption and lower tax rates than are accorded by 14.06 in the absence of obtaining exemption thereunder. Prior to the adjudication of tax liability, the court made, among others, the following express finding:

"The United States of America, acting by
and through the Secretary of the Treasury,
executed and delivered to the Federal Reserve
Bank of Dallas and to the Trustees of the
Susan V. Clayton Trust No. 2, a document com-
mitting the income to be received by The United
States of America to be use within the State
of Texas, within the meaning of Chapter 14
of Title 122A of the Revised Civil Statutes of
Texas, as amended."

The commitment is declared to be irrevocable and may
not be "revoked, rescinded or amended." It requires the money
received from the trust fund to be used to redeem public debt
obligations of the United States owned by citizens or residents
of the State of Texas. Therefore, the express terms of the
commitment prohibit retirement of Treasury bills of the United
States of America which are in bearer form and are tendered
for redemption to the Federal Reserve Bank of Dallas by
Texas commercial banks. This is so because payments are
made to the commercial banks as owners of the obligations
without inquiry as to whether the banks might be acting
for parties who are not residents of this State.

## S U M M A R Y

Income from Susan V. Clayton trust fund
may not be used to retire Treasury bills of
the United States of America which are in
bearer form and are tendered for redemption
to the Federal Reserve Bank of Dallas by
Texas commercial banks. Said income has
been irrevocably committed by the Secretary
of the Treasury of the United States of
America to the retirement of National debt
obligations which are owned by residents
of the State of Texas. This requirement is
not satisfied where redemption of Treasury
bills is accomplished by payment to Texas

commercial banks as owners without inquiry
as to the residence of the parties for whom
such banks are acting.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMcGP:sjl

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Brady Coleman
George Black
Charles Swanner
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL
BY:  Roger Tyler